Mr. McDowell, for the amicus curiae, Ms. Reshard, for the appellate. Good morning. Good morning. Efrem McDowell, as court-appointed amicus. There are two major questions in this case that I'd like to address in turn. The first question is whether Reshard's service to the D.C. Rent Administrator was effective service under Rule 4E2C. The answer to that question is no. Reshard's service to the Rent Administrator was not effective service because the Rent Administrator was not Stevenson's agent by appointment or by law. D.C. law does make the Director of Consumer and Regulatory Affairs an agent by law for non-resident landlords like Stevenson, but Reshard never served that official. So the district court's holding on the first question is correct. The second question is whether the district court nonetheless erred in declining to grant Reshard more time to complete service. An answer to that question is yes. And I'd like to first explain why the district court committed legal error and thus abused its discretion, which would justify at least vacater and remand. Can we go back to the first question? Sure. You're talking about the default rule here. Does the default rule even come into play here? Don't we have evidence in the record that there was a registered agent designated in the license? Your Honor, that wasn't actually in the district court record. That was raised for the first time on appeal by Stevenson. What we have in the record is the basic business license at page 58 of the appendix, which lists Stevenson herself as the registered agent, and that license was active at the time that these proceedings were ongoing. How do we know that? Well, the dates on the basic business license on page 58 were active. I understand that. The dates of coverage are the same on both certificates. And I guess I would have normally thought that the later supplanted the earlier, but that's not the rule in the district? Well, it may be, Your Honor, but I guess my point was that Reshard was relying on what she had as the basic business license, which had been filed in a D.C. secure. A license which may have been obsolete at that point at all the relevant dates. That's possible, yes. It may have been obsolete. No one has put in the license that we know was in effect on April 2018, right? It looks like these things were switched out every few months. It may be. And as I said, there's no evidence that even this one that Ms. Stevenson submitted was actually in effect in April 2018. That's correct. There's nothing in the record. The only thing in the record is the basic business license listing Stevenson herself. Is there anything authenticating? Are they self-authenticating or I just? The basic business licenses? Well, the one that Stevenson attached to her brief. There's nothing authenticating it except for the fact I believe that she swore that that was accurate. Is there anything authenticating the earlier one? It seems to be attached to the complaint with a mass of other papers. That's correct, yes. It was attached to the complaint. There's nothing authenticating it, but that's the only one that's actually in the record. And for purposes of construing factual allegations at this stage, I think what we recommend to the court is that, as in the personal jurisdiction context, you take the plaintiff's allegations as true and you take the factual and evidentiary submissions that they make as true and ask whether there's a prima facie case. And here we don't think that there was, obviously, adequate service on either Barry Trebach or the rent administrator. The point that I'm making as amicus is that a good cause extension was warranted under Rule 4M. A second extension. A second extension, correct. And Rule 4M, to kind of get to that point, Rule 4M creates a mandatory extension scheme. So when there's good cause shown, the district court has no discretion. It has to give an extension. And that rule, in our view, applies equally to a second extension just as much as a first. What's your best case for that? That it applies equally? The mandatory part of the extension applies equally to a second extension because its text applies when service hasn't been made within 90 days, and now we're talking about service that hasn't been made within, sorry, 150 days? Correct. So I guess, so we have cases, I can point you to, we have three cases from courts of appeals in which the courts of appeals apply the same good cause test to a second extension as they would have applied to the first. And held that it was mandatory to grant it. They did not hold it, well, they applied the same good cause test and they did not ultimately find that the district court had abused its discretion. In this case, however, after the, at the time it granted the first extension, didn't the district court say no further extensions? Yes, Your Honor. How should we think about that? What does that do to our analysis? I would actually say that that cuts in favor of an extension because I would qualify that as a potential legal error or at least a misunderstanding of the scope of the district court's discretion because at that time, that was a proactive or preemptive declaration by the district court. And at that time, there were no facts at that point about whether Rashard had made diligent efforts to try to effect service. So to proactively say no further extensions will be granted, I think runs counter to Rule 4M's mandatory extension scheme. Because what the court should have said was, I will grant an extension if good cause is found because that's my obligation under Rule 4M. And just to turn back to give you the sites of those cases, so these again are cases that apply the same good cause test. And it's the Starkey case from the Fifth Circuit that we cite on page 33 of our brief. Then I have two other cases that we do not cite in the brief. A Nelson case from the Eleventh Circuit that's at 145F Appendix 303. And the McCrae case from the Third Circuit, which is at 89F Appendix at 361. Okay. So neither of those are presidential cases? Sorry? Neither of those are presidential cases. Neither of those are presidential cases. But just to quibble with points. And none of them are from this Court? None of them are from this Court. So this is the first time to our knowledge that this Court has encountered the question of whether a second good cause extension is mandatory. And just to quibble with the textual reading a little bit, I think that the best reading of the text, or at least the text would be ambiguous as to whether a mandatory extension would be required. I take the point that it just references the 90 days. But putting the two things together, if the text requires a district court to grant a good cause extension when good cause is shown, and doesn't limit the number anywhere of how many extensions. Is your point that the district court simply didn't look at the good cause analysis here? That's certainly part of the point, yes. Can we look at the record as it exists and decide that that's harmless error, that there's nothing in the record to show good cause? I mean, good cause can't be the inadvertence of the plaintiff, right? That's correct. So the way I would look at it is a two-step process. The district court committed legal error by not applying the correct good cause analysis, never invoking the good cause standard, and treating intentional evasion of service as seemingly dispositive to good cause, when, in fact, no case or authority makes it so. The next question, so that would, in our view. Well, the district court was, to be fair to the district court, was just responding to the arguments presented. The district court was responding to the filing, to be sure, but the filing talked at great length about Richard's diligent efforts and Stevenson's intentional evasion of service. And was wrong on the latter, according to the district court's fact-finding. Right. She cited good cause cases in the filing. She cited the text and quoted the text of Rule 4M. And I take it that the plaintiff has the burden of proof of establishing good cause? That's correct. Do they have the burden of proof of asking for more time? No, Your Honor. And the case I can point you to for that proposition is the Moore v. AID case, which we discussed in our brief. In that case, the plaintiff had not proactively requested or moved for an extension of time. Was that a second extension? No. That was not. So you're not aware of any case when someone's looking for a second extension where they don't have to ask? No, Your Honor. But, again, I don't think that should ultimately make a difference, because Rule 4M creates a mandatory good cause extension scheme. The text at least is silent as to whether that same mandatory scheme applies to the second extension. But I think the purpose would suggest that it would, because Rule 4M uses the good cause standard as a mechanism for balancing fairness of the plaintiff against efficiency to the judicial system. So what should the district court have done here? It's ruled that you've got one extension, you're not going to get another extension. That's there. Whether that's legally sufficient or not, that's what's before him. The last day of the extension period, the plaintiff comes and doesn't ask for another extension, but makes an argument about evasion. What should the district court have done here? Right. So what the district court, in our view, should have done, and so just to be very clear, Rule 4M does not, anywhere in the text, it does not say the plaintiff must move for a request for an extension of time. It says the plaintiff has the burden of showing good cause. And what Rashard did here was she made a filing with the court before the 60-day window expired, and in that filing, she showed good cause through her diligent efforts and potential intentional evasion, which are the two primary factors in our review of the case law that go toward the good cause analysis. So what the court should have done was ask whether she had shown good cause under the text of Rule 4M. I mean, her primary argument is evasion, right? I mean, because there's case law that shows good evasion is a category of good cause, right? It's a factor that goes into the good cause analysis. So that's her argument. And the district court rejected that, right? It wasn't her only argument, though. She talks at great length about her diligent efforts to affect service. So, for instance, in the filing, she says plaintiff has been diligently using all options to affect service. The diligent efforts of the plaintiff are evident herein. She cites diligence cases that are in the Rule 4M good cause context. So I think the fairest reading of this filing was as an argument that I have made diligent efforts. I have not been able to effectuate service through no fault of my own. That's exactly what the good cause analysis takes into account. And I think there may be a good reason why she didn't style this. Kagan. But she were wrong as to the no fault because she was supposed to serve the director, not the rent administrator. What happens then? So the point I'd like to make about that, Your Honor, is in our view, a good faith error of that sort alone cannot establish good cause. But it also can't erase good cause when the plaintiff has otherwise made diligent efforts to affect service through a legally available mode of service, which was here Rule 4E2A, personal service. And she had no way of knowing ex ante that personal service would be so difficult to complete. And the best case I have for that principle, it's a district court case from this circuit. It's the Jewell case that we discuss on page 26 of our brief. And there, the plaintiff sought to serve the defendant through the defendant's agent and sought to serve the defendant at the defendant's registered business address. Service through the agent failed because the plaintiff's own good faith error, just like Rashard here made a good faith error. But the court nonetheless found good cause because the plaintiff had diligently pursued service at the registry. How is it a good faith error? Sorry? How is it a good faith error? She never cited anything that said you can, she cited like a 15 page outdated statute, but never cited anything. So I haven't seen no argument in her brief or yours as to why it was reasonable to believe that service on the rent administrator was appropriate. Well, I guess I'm not arguing that it was a legally meritorious reading of the statute. Even a reason, I'm just asking for, you have to be correct. You can still have reasonable readings of statutes that are not correct. It could potentially be an unreasonable reading. But my point is that she was trying in good faith, meaning she thought that there could have been an agent. She looked at the basic business license. She saw that Stevenson had not appointed an agent. So she turned to the D.C. code. She obviously misconstrued the D.C. code and regulations. And she, because it arose in the context of landlord-tenant suit, she served the rent administrator. We're not defending that reading at all of the statute. All I'm saying is I don't think, based on my read of Rule 4M. There are cases that say inadvertence, negligence, negligent reading of the law is not good cause. And so I'm trying to figure out how we know when, while other things were tried, outweigh what we've said about that. What I would say to you is if the plaintiff diligently pursues one legally available mode of service, which here was personal service, and I don't take your in that mode of service. And there was no way for her to know ex-ante that that mode of service would prove ineffective. So, for instance. But ex-ante, she had 150 days here. So when one wasn't working, I would think part of diligence would be trying something else. Well, we have to look at the vantage point that she was in at the time she received her first extension. So prior to that time, she had sought to effect personal service on Stevenson at Maryland. When that didn't work, when basically the certified mail was not returned, she then sought an extension from the court. The court granted it. And at that time, she went well beyond certified mail service in Maryland. She first sought waiver of process at the D.C. address on the assumption that Stevenson may have moved away from her Maryland address. Well, your language of well beyond. I mean, these are options that are available. When one doesn't work, you go to another. That's not a sign of any heroic activity. That's just what the law provides. Absolutely, Your Honor. It's not heroic, but courts routinely. And she made a mistake, right? She didn't take it. She didn't serve the government official that was supposed to be served. I'm not aware of any case. First of all, we're just talking about good cause. And good cause looks to whether the plaintiff has made diligent efforts and whether those efforts have been unsuccessful. No, the point is, as Judge Millett pointed out, if you're wrong, if you get the law wrong about who you're supposed to serve, that's not good cause. That's correct. So what I'm saying is she tried two options. One option should have worked. It only didn't work because of, through no fault of her own, Stevenson happened to be persistently absent. It happens all the time. That happens all the time. That's why you have different options. Right. And that's why. We're talking about persistently absent here for 90 or 150 days. We're not even sure when she moved. So we're not talking like someone couldn't be found for a longer period of time. Someone could be, who just retired, could very well be having that trip around the world they've been waiting for. That's possible, Your Honor. And that would be an extenuating or mitigating circumstance that would go toward a good cause extension. And we're not, we don't think that the court needs to find that the district court committed clear error in terms of intentional evasion. But if a person, if the defendant you're trying to serve has, tells the post office, for instance, to hold all mailings at the post office rather than deliver them to her, or she takes a trip around the world, or she moves from the address where she had lived for 20 years, those are all mitigating or external factors that the plaintiff could not have known ex ante. And that's what courts look to. Tell me why this isn't harmless error, if it's error at all. What happens if we disagree with you and affirm the district court? What does she do next? Is she out of court altogether? Are any of her claims time-barred? So she, so two of her claims at this point would be time-barred, I believe, on our reading of the D.C. Code. The rest would not be. So she could refile the complaint. But she also had the right to take an appeal after a final judgment. And I think the reason potentially why she did that was because at that time she was left with significant confusion about how she was supposed to affect service because of this. But now she knows. Well. Now she knows. Well, the question is. You go to a different government official. Well, now Stevenson is no longer a nonresident landlord because she's moved to D.C. and she's no longer a landlord. So she's going to have to go with personal service again. And personal service has proven time and again to be difficult to complete. And she had no way of knowing that. I guess our point is she had no way of knowing that when she received her first extension. And the reason why she didn't style her filing with the court as a formal extension motion, I would have to think, is because the district court categorically stated that no further extensions would be granted. And that. No, but she's an attorney. And attorneys all the time have to go, I recognize the court said this, but I believe I have a right to make this request and I'm doing it at a minimum to preserve the record. Correct. And she did file something with the court before her 60-day window expired, which met her burden, in my view, of showing good cause, which was her only burden under Rule 4a. And can we factor the statute of limitations issue into the good cause analysis since at the time the district court ruled there were no statute of limitations consequences? So the statute of limitations factor, in our view, never goes to good cause, because the good cause focuses on the plaintiff's reasons for delay. The statute of limitations could potentially go to the permissive extension. It couldn't be good cause to give an extension because otherwise the claims will be defeated? That would be a factor for the permissive extension. So Rule 4m sets up a two-part test. If there's good cause, you have to grant an extension. If there's no good cause, you have the option of granting permissive extension. And in that, as to that, courts do take into account statute of limitations. But here, at the time, as you mentioned, at the time the district court heard the case, the statute of limitations had not expired. So can we pay any attention to it, then? I would not say that that was an abusive discretion on the district court. We just can't pay attention to that. I think you could factor it in. I mean, I don't think it would be part of the legal analysis in the abusive discretion review standard. Thank you very much. Good morning. Good morning. I'm Connie Rayshard, and may it please the Court, I would like to present my presentation as how I see the case. One of the questions that came up, I was listening to very intently, about how I somehow got it all wrong about the rent administrator. And actually, on their website, they had, I found a representation of the duties of the rent administrator, which were based upon statutory law. And one of the things it said was that the administrator could accept service of process. I electronically saved this information, and somehow, on my cell phone, and I couldn't find it. And I have been fiercely going through hard copies at the library, trying to figure out, finding this document. You didn't provide anything like that to the district court? No, I didn't. Did you find it as part of this appeal? I'm sorry? Did you find that website as part of this appeal, or when you were in the district court? I found that website. That was the reason that I actually served the rent administrator, was because I found this information about duties of the rent administrator. Okay. I thought when you told the district court you could serve the rent administrator, you cited a 15-page statute. Did you say anything to the district court about the website? No, because I could no longer find my citation. And I took some notes, too, and blame it on Apple, because I put them in my notes section, and I supposedly changed the web page to a PDF and saved it in my notes section. And somehow, between something, and it's just all gone. And, well, at 70-plus years, I just don't remember everything the way I used to. Well, one of the reasons, to add to what was said previously about, I see no reason to kind of go through since I, if that's all right, to follow the tone of the argument and ask questions that have come before. And what I was about to say was that one of the reasons, initially I was going to go regular service, and the clerk, intake clerk for the case said, oh, send it by certified mail. And then I read the rule where, of course, the whole scheme of Rule 4 is designed to save cost, to limit the use of the U.S. Marshals Service, and to try and get litigants to actually agree to service when they know there is a controversy. So that was my original intent. And that failed miserably, as I have outlined in my documents before this court and before the district court. Well, one of the reasons why I didn't file a motion for an extension was because the judge had said no. And, in fact, eventually he told me not to file anything else in the case, and I could go ahead and appeal. So I thought that my efforts to do so would have been fruitless. So what I did was I categorized a lot of the information that I had regarding how I had approached service or process, and I put it as additional information attached to the documents. I apologize. I did make a mistake. But now here we are. If the district court had given you more time, what was your plan to do next? What was the next thing you were going to try? Well, actually, it occurred to me at some point that maybe the D.C. Department of Consumer and Regulatory Affairs, I had contacted them, and they said they didn't have a Barbara Stevenson. So I was going to use different process service. One of the process service I used actually lived at the D.C. address. And to make it clear, I initially started in Maryland, but in September and subsequently I applied to both Maryland and Virginia. I'm sorry, D.C., because those were the only two addresses that I had. And Mrs. Stevenson must have gotten her other mail. I don't know why it was returned to me that she was supposed to pick it up. I can't believe she didn't get any mail. And I believe the situation now is can service be made? And Mrs. Stevenson is in D.C. I would apparently have to use more resources and cost to try and locate her. She lives in a condominium, and access is limited. That was one of the reasons why I hired someone who lived in the building, and they didn't do a very good job. But there is case law, Buell and B. Stein, they all say, and they're from this particular court, the D.C. I'm sorry, this is the D.C. Court of Appeals and not this court. But they all reference the fact that if service can be made, that there is a preference to allow the plaintiff to go ahead and make their case. And I believe that after all that I've learned, that mail doesn't work for me, and that I might have to use more extensive process services. They may have to stake out the place, but I believe that service can be made. And several of the cases that I cited in my brief, Barrett v. Embassy of the Republic of Zambia, that would have been the D.C. Circuit 2015. Here again, that court said that this is not appropriate where there exists a reasonable prospect that service can be obtained. And I have other cases that are in my brief. List v. Jones. This would have been a federal civil procedure decision, FRD. Here again, the operative word is can service now be made. And I know that I have to spend more money. But you would have had to do that even if the district court gave you more time. I'm sorry? You would have had to spend more money even if the district court gave you more time. Yes. And I'm saying I know now that that's what I will have to do. I have to pay someone to actually stake the person out rather than just going, trying to make the process. And I do believe I've made adequate showing that there was a problem in making service, that the district court erred by not giving me more time, that I was essentially told not to file any more motions. So all I could do was present the information and make it available. And the district court, without consulting me any further, made a ruling that the case was dismissed without prejudice. There were other issues that could arise. For example, whether or not we would be in the same jurisdiction. Currently, I live with a relative in Maryland. But if I wanted to return to D.C., then we would both be in the same jurisdiction and federal service jurisdiction would no longer be available on the issues presented. Do you still have cases in the D.C. court system? Yes. What is the status of that? What's that case about and what's the status of that? Well, in the D.C. court, I have an appeal currently pending regarding wrongful eviction. The same claim you're litigating here? I'm sorry. The same claim you raised in your complaint here? Yes. However, this is from the Landlord and Tenant Court, and it's a court of limited jurisdiction where only the landlord can bring an action. So any other action would have had to have been in a different court. Can you get damages in that action? I'm sorry? Can you get damages in that action? To some extent, yes. I'm not clear. But it's limited. It would not cover the vast majority of the causes of action that I raised in my complaint. So I'm urging the court to ---- Mr. Sherrod, we see your time is up. Thank you very much. Okay. Thank you. I appreciate it. Thank you. Mr. McDowell, would you like some time for rebuttal? Yes. Okay. We'll give you a minute. Yes. I just want to make two quick points. So the legal error here was that the district court found ---- expressly found diligent efforts were made. It said diligent efforts were made on page 2 of its opinion, but it treated intentional evasion of service as a dispositive factor. And that was the core legal error, because no case makes intentional evasion of service a dispositive factor as to good cause. Now, that brings us ---- I think that gets us to vacate in reading. And Judge Griffith raised a question of, well, wouldn't this be harmless error? And my understanding of how that would work is, I believe this Court should vacate and remand unless it would think that it would be an abuse of discretion to grant her an extension of time in this case. So I think what the Court should do if it does believe that there was a legal error is vacate and remand to see what the district court would do under the proper legal understanding, because it did not understand the proper legal standard by treating intentional evasion as ---- The district court made that diligence finding before it did the ruling, supplemental ruling at our request on whether service on the rent administrator was proper. That's correct. So we don't know ---- I don't know how much weight we can put on that diligence finding now that there's been an examination of whether it was diligent to serve the rent administrator. Well, respectfully, Your Honor, in that remand, the district court was not asked to reconsider any aspect of its original diligence finding. So I think we don't know what the district court would do on remand. And I think what we do know is that the district court was operating under a bit of a misunderstanding of the appropriate legal standard because it treated intentional evasion as dispositive. If there are no further questions. Thank you. Thank you very much. Mr. McGill, you were appointed by the Court to help us in this case, and we thank you very much for your assistance. The case is submitted. Thank you.
judges: Griffith, Millett, Williams